FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2014 JUL 25  P 2: 22

| | |
|---|---|
| COOPER MATERIALS HANDLING, INC. ) | |
| 319 Mill St. NE ) | |
| Vienna, VA 22180 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14cv956 |
| ) | |
| GORDON TEGELER ) | JCC / TRJ |
| 2400 Hunt Place ) | |
| Fallston, Maryland 21407 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Cooper Materials Handling, Inc. ("Cooper" or "Plaintiff"), by counsel, as and for its Complaint against Defendant Gordon Tegeler ("Tegeler" or "Defendant"), hereby states as follows:

1. Cooper is a small business with expertise in project management, design/build and materials handling equipment, with its principal place of business in Vienna, Virginia. Cooper is a Virginia corporation. Tegeler is an individual who resides at 2400 Hunt Place, Fallston, Maryland 21047.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(3), as there is complete diversity between Plaintiff and Defendant and the present controversy, exclusive of interest and costs, involves the sum or value in excess of $75,000.

3. Tegeler was employed by Cooper as Director of Preconstruction from January 31, 2012 until July 11, 2014 when Tegeler resigned from employment. As Director of Preconstruction, Tegeler had access to Cooper's confidential and proprietary information,

including, costing information, bid strategies, and internal cost structures. Tegeler holds a top secret security clearance.

4. On or about February 20, 2012, Tegeler entered into a Confidentiality Agreement, which provides, in pertinent part:

"A. Employee will hold any and all Company Information received from Company in strict confidence and shall exercise the highest degree of care to prevent disclosure to others.

B. Employee will not disclose or divulge, either directly or indirectly, the Company Information to others unless first authorized to do so in writing by Company.

C. Employee will not reproduce the Company Information nor use this information commercially or for any purpose other than the performance of his/her duties for Company."

A copy of the Confidentiality Agreement is attached as **Exhibit A**. "Company Information" is defined under the Confidentiality Agreement as "any and all information of any kind, nature or description concerning any matters affecting the business development or business operations current, future and past to be confidential and proprietary." See Exh. A.

5. During Tegeler's employment with Cooper, Tegeler had primary responsibility for working with Montage Inc. ("Montage") in connection with Cooper and Montage's teaming relationship, which included the joint bidding of projects for the U.S. State Department and the Federal Bureau of Investigation (FBI) at various locations. One such project was for the U.S. State Department in Abu Dhabi. As part of the bidding process for the Abu Dhabi project, Tegeler traveled to Abu Dhabi on behalf of Cooper. Tegeler played an integral role in preparing the bid for the Abu Dhabi project, as well as the other projects for the U.S. State Department and the FBI.

6. Tegeler subsequently informed Cooper that Montage was not awarded the contract. Cooper was led to believe that its significant investment in the pre-bid work was lost. Unbeknownst to Cooper at the time, Montage was in fact awarded the contract.

7. On July 7, 2014, Tegeler submitted his resignation to Cooper, indicating that he did not feel that he was being successful in his role at Cooper and that although he did not have another job lined-up, he felt that it was best that he end his employment with Cooper. Tegeler reported that his last day would be Friday, July 11, 2014, having only given four days notice.

8. On July 7, 2014, Tegeler took paid time off from Cooper stating that he needed to be home for a contractor. Upon information and belief, on that day, while still employed by Cooper, Tegeler attended a "kick off" meeting at the U.S. State Department for the Abu Dhabi project that was reported as "lost" only a few days prior.

9. Upon information and belief, while Tegeler was employed at Cooper, he worked on proposals for Montage with the intent of bypassing Cooper's teaming role.

10. Upon information and belief, prior to Tegeler's resignation from Cooper, he was hired by Montage as an employee or consultant. Tegeler attempted to conceal his actions by, among other things, instructing others to send emails to his personal yahoo email address (gtegeler@yahoo.com).

11. Upon information and belief, after his resignation but before his last day of employment, Tegeler made copies of Cooper's Company Information, including bids and bid-related documents.

12. Upon information and belief, Tegeler has diverted business opportunities from Cooper to Montage, including the Abu Dhabi project and other potential projects for the U.S.

State Department and FBI. Upon information and belief, in doing so, Tegeler has solicited bids from Cooper's existing subcontractors.

13. Cooper's investigation into documents and emails downloaded by Tegeler, documents printed, and items forwarded to his personal email account, is ongoing.

14. On July 14, 2014, Cooper sent a cease and desist notice to Tegeler. See July 14, 2014 letter attached as **Exhibit B**. To date, Tegeler has not responded to the cease and desist notice.

## COUNT I - BREACH OF CONTRACT

15. Cooper restates and realleges paragraphs 1 through 14.

16. The Confidentiality Agreement is a valid and enforceable contract.

17. Tegeler's use and misappropriation of Cooper's Company Information constitutes a breach of the Confidentiality Agreement.

18. As a result of Tegeler's breach of the Confidentiality Agreement, Cooper has suffered and will continue to suffer damages.

19. Cooper will suffer irreparable harm if Tegeler is not enjoined from using and/or disclosing Cooper's Company Information.

WHEREFORE, Cooper respectfully requests that this Court grant a permanent injunction enjoining Tegeler from further breaching his obligations under the Confidentiality Agreement, enter judgment against Tegeler in an amount no less than $100,000, and grant such other and further relief that this Court deems proper.

## COUNT II – BREACH OF FIDUCIARY DUTIES

20. Cooper restates and realleges paragraphs 1 through 19.

21. As an employee and manager of Cooper, Tegeler owed fiduciary duties of good faith and loyalty to Cooper.

22. Tegeler's use and misappropriation of Cooper's Company Information, and diversion of business opportunities from Cooper to Montage, constitutes a breach of Tegeler's fiduciary duties owed to Cooper.

23. Tegeler's conduct constitutes willful misconduct, malice, fraud, wantonness, oppression and/or such gross indifference and recklessness as to amount to a wanton or willful disregard of the rights of Cooper. Therefore, Cooper is entitled to an award of punitive damages.

24. As a result of Tegeler's breach of his fiduciary duties, Cooper has suffered and will continue to suffer damages.

25. Cooper will suffer irreparable harm if Tegeler is not enjoined from using and/or disclosing Cooper's Company Information.

WHEREFORE, Cooper respectfully requests that this Court grant a permanent injunction enjoining Tegeler from further breaching his fiduciary duties owed to Cooper, enter judgment against Tegeler in an amount not less than $100,000, plus punitive damages in an amount not less than $500,000 to be determined at trial, and grant such other and further relief that this Court deems proper.

## COUNT III - CONVERSION

26. Cooper restates and realleges paragraphs 1 through 25.

27. The use and misappropriation of Cooper's Company Information constitutes wrongful exercise and/or assumption of authority over the Company Information and deprives or is otherwise inconsistent with Cooper's right to possession of such Company Information.

28. Tegeler's conduct constitutes conversion.

29. Tegeler's conduct constitutes willful misconduct, malice, fraud, wantonness, oppression and/or such gross indifference and recklessness as to amount to a wanton or willful disregard of the rights of Cooper. Therefore, Cooper is entitled to an award of punitive damages.

30. As a result of Tegeler's conversion of Company Information, Cooper has suffered and will continue to suffer damages.

31. Cooper will suffer irreparable harm if Tegeler is not enjoined from using and/or disclosing Cooper's Company Information.

WHEREFORE, Cooper respectfully requests that this Court grant a permanent injunction enjoining Tegeler from further retaining, using and/or disclosing Company Information, enter judgment against Tegeler in an amount not less than $100,000, plus punitive damages in an amount not less than $500,000, and grant such other and further relief that this Court deems proper.

Respectfully submitted,

COOPER MATERIALS HANDLING, INC.

By Counsel

Karen A. Doner (VSB No. 40999)
Geneviève C. Schmitt (VSB No. 83325)
Roth Doner Jackson, PLC
8200 Greensboro Drive, Suite 820
McLean, VA 22102
(703) 485-3537 / (703) 485-3525 (fax)
kdoner@rothdonerjackson.com
gschmitt@rothdonerjackson.com
*Counsel for Plaintiff*